**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., | |
| Plaintiff, | Case No. 2:06-cv-334 |
| v. | |
| AMERICAN AIRLINES, INC., ET AL., | |
| Defendants and Counterclaimants. | |

## DEFENDANT FEDEX'S MOTION TO TRANSFER VENUE

# TABLE OF CONTENTS

I.    INTRODUCTION ...............................................................................................1

II.   FACTS ..............................................................................................................2

III.  LEGAL STANDARD..........................................................................................5

IV.   ARGUMENT .....................................................................................................7

    A.    This Action Could Have Been Filed in the Western District of Tennessee.............7

    B.    Private-Interest Factors ...........................................................................7

        1.    Relative Ease of Access to Sources of Proof ..............................7

        2.    Availability of Compulsory Process .........................................8

        3.    Cost of Attendance for Willing Witnesses..................................9

        4.    Other Practical Problems .......................................................11

    C.    Public-Interest Factors ...........................................................................13

        1.    Administrative Difficulties Flowing from Court Congestion....................13

        2.    Local Interest in Having Localized Interests Decided at Home ...............14

        3.    Familiarity of the Forum with the Law and Avoidance of Unnecessary Problems of Conflict of Laws.............................................15

V.    CONCLUSION..................................................................................................15

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Federal Cases**

*Aquatic Amusement Assoc., Ltd. v. Walt Disney World Co.*,
    734 F. Supp. 54, 57 (N.D.N.Y. 1990) ...........................................................................9

*Droplets, Inc. v. E\*TRADE Financial Corp.*,
    No. 2:11-CV-255, 2012 WL 3133398 (E.D. Tex. Mar. 5, 2012) ........................... 11-12

*Eolas Technologies, Inc. v. Adobe Systems, Inc.*,
    2010 WL 3835762 (E.D. Tex. Sept. 28, 2010), *aff'd, In re Google Inc.*,
    412 F. App'x 295 (Fed. Cir. 2011) ...............................................................................11

*Innovative Global Systems LLC v. OnStar LLC*,
    No. 6:10-cv-574, 2012 U.S. Dist. LEXIS 114504 (E.D. Tex. Feb. 14, 2012) ..............14

*In re Commercial Money Center, Inc., Equip. Lease Litig.*,
    No. 1:02-cv-16000, 2008 WL 3200279, at \*2 (N.D. Ohio Aug. 5, 2008) ......................4

*In re EMC Corp.* (*EMC II*),
    501 F. App'x 973 (Fed. Cir. 2013) ........................................................................11, 13

*In re Genentech, Inc.*,
    566 F.3d 1338 (Fed. Cir. 2009)........................................................................ *passim*

*In re Hoffmann-La Roche Inc.*,
    587 F.3d 1333 (Fed. Cir. 2009)...............................................................................1, 5, 14

*In re Integrated Res., Inc., Real Estate Ltd. P'ship Sec. Litig.*,
    851 F. Supp. 556, 562 (S.D.N.Y. 1994) .......................................................................4

*In re Katz Interactive Call Processing Patent Litigation*,
    481 F. Supp. 2d 1353 (J.P.M.L. 2007)..........................................................................3

*In re Microsoft Corp.*,
    630 F.3d 1361 (Fed. Cir. 2011) (per curiam)................................................................7

*In re Nintendo Co.*,
    589 F.3d 1194 (Fed. Cir. 2009)...............................................................................6, 15

*In re TS Tech USA Corp.*,
    551 F.3d 1315 (Fed. Cir. 2008).............................................................................6, 8, 14

*In re Volkswagen AG* (*Volkswagen I*),
    371 F.3d 201 (5th Cir. 2004) ........................................................................... *passim*

*In re Volkswagen of America, Inc.*,
    566 F.3d 1349 (Fed. Cir. 2009)......................................................................12

*In re Volkswagen of America, Inc.* (*Volkswagen II*),
    545 F.3d 304 (5th Cir. 2008) (en banc) ............................................... *passim*

*In re Zimmer Holdings, Inc.*,
    609 F.3d 1378 (Fed. Cir. 2010)................................................................7, 10

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*
    523 U.S. 26 (1998) ........................................................................................5

*Metropolitan Life Ins. Co. v. Bank One, N.A.*,
    2012 U.S. Dist. LEXIS 137119, at *10 (D.N.J. Sept. 25, 2012) ...................5

*Neil Bros. v. World Wide Lines, Inc.*,
    425 F. Supp. 2d 325 (E.D.N.Y. 2006) ......................................................7, 9

*Network Protection Sciences, LLC v. Juniper Networks, Inc.*,
    No. 2:10-CV-224, 2012 WL 194382 (E.D. Tex. Jan. 23, 2012) .....................8

*Promote Innovation LLC v. Schering Corp.*,
    No. 2:10-cv-248, 2011 WL 665817 (E.D. Tex. Feb. 14, 2011)......................9

*Refined Recommendation Corp. v. Netflix, Inc.*,
    No. 07-CV-04981, 2008 WL 474106 (D.N.J. Feb. 15, 2008) .....................14

*Stewart Org., Inc. v. Ricoh Corp.*,
    487 U.S. 22, 29 (1988) ...................................................................................6

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964)....................................................................................6, 7

**Federal Statutes**

28 U.S.C. § 1391..............................................................................................3, 7

28 U.S.C. § 1400(b) ...............................................................................................7

28 U.S.C. § 1404(a) .................................................................................... *passim*

35 U.S.C. § 299(a)(1)...........................................................................................13

**Federal Rules**

Federal Rule of Civil Procedure 20 .......................................................................1

Federal Rule of Civil Procedure 45(c)(1)(B)(ii) ...................................................8

**Other Authorities**

15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*
§ 3851 (3d ed. 2012) ....................................................................................................................9

http://www.uscourts.gov/viewer.aspx?doc=/uscourts/Statistics/FederalCourtManagement
Statistics/2014/district-fcms-profiles-june-2014 ...............................................................................14

http://www.tnwd.uscourts.gov/judges-websites.php ........................................................................12

# I.     INTRODUCTION

Defendants Federal Express Corporation, FedEx Corporation, FedEx Corporate Services, Inc., and FedEx Customer Information Services, Inc.[1] (collectively "FedEx") respectfully move the Court under 28 U.S.C. § 1404(a) to transfer this patent infringement action to the United States District Court for the Western District of Tennessee, Memphis Division.

Because of its significant connections to the case, the Western District of Tennessee is the most appropriate forum to decide this matter. FedEx is headquartered in Memphis. It is a venue in which the action could have been brought. Any FedEx technology involved in the accused systems is based in Memphis, which is also where relevant FedEx employees reside. All FedEx fact-witness depositions occurred in Memphis. Every expected FedEx fact witness for trial works in or near Memphis, save one. The Western District of Tennessee has absolute subpoena power over the most relevant witnesses and remains clearly a more convenient location for trial. Significantly, it is also the forum with the greatest interest in the outcome. By contrast, this case has "no relevant factual connection to the Eastern District of Texas." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). Neither party is based in this District. There are no relevant witnesses, documents, or information located here. And there is no local interest in deciding this case in Marshall, Texas.

Pursuant to a multidistrict litigation before the United States District Court for the Central District of California ("MDL"), almost two thousand claims were eliminated from the actions; in fact, only one claim remains at this point that can be asserted against FedEx. Plaintiff Ronald A. Katz Technology Licensing, Inc. ("RAKTL") has no basis for bringing or maintaining this action in this Court. FedEx had no opportunity to present this transfer motion to the MDL court or to

---

[1] FedEx Customer Information Services, Inc. is now called FedEx TechConnect, Inc. *See* Declaration of Stan Nichols in Support of FedEx's Motion to Transfer Venue ("Decl.") ¶ 1.

the Judicial Panel on Multidistrict Litigation ("Panel") before this case was returned here. This case presents a posture under which there is no downside to transferring at this time.

Now that this case has been remanded by the Panel, FedEx respectfully submits that it should be transferred to the Western District of Tennessee pursuant to 28 U.S.C. § 1404(a). Transfer is proper and reasonable under the private- and public-interest factors applicable:

- The Western District of Tennessee has greater access to sources of proof, enjoys compulsory process over the most relevant witnesses, and is clearly a more convenient trial location for these witnesses. This was demonstrated by the many depositions taken in Memphis throughout discovery. These three private-interest factors weigh on the side of transfer and outweigh any benefits possibly obtained by maintaining the case here.

- The Western District of Tennessee's strong local interest in the case favors transfer in view of the other public-interest factors being neutral. This District lacks a connection to this case and there are no codefendants. Thus, there is no judicial economy of any merit that counsels against transfer. The interests of justice would be better served by transferring this case to the Western District of Tennessee.

In sum, the Western District of Tennessee is a clearly more convenient forum on remand.

## II.   FACTS

Each FedEx Defendant is a Delaware corporation with a headquarters and principal place of business in Memphis, Tennessee. Decl. ¶ 2. FedEx employs about 27,000 people that work in the Memphis metropolitan area. *Id.* ¶ 4. FedEx does not have corporate offices in the Eastern District of Texas. *Id.* ¶ 5. RAKTL is a limited partnership organized under the laws of the State of California and having a principal place of business in Los Angeles, California. *See* D.I. 1 at 1. Ronald A. Katz is the founder of RAKTL and is the sole inventor of the patent-in-suit—U.S.

Patent No. 6,292,547 B1 ("the '547 patent"), *id*. 6-7, which issued on September 18, 2001, and expired less than four years later on July 10, 2005. All of RAKTL's relevant activities to this case take place outside of Texas.

On August 21, 2006—over a year after the '547 patent expired—RAKTL filed five related actions in three different divisions of the Eastern District of Texas. Each of the actions involved a family of patents that RAKTL referred to as the "interactive call processing" patents. *Id*. As mentioned above, RAKTL filed this case against FedEx and improperly joined a grab bag of other entities, such as American Airlines, Hilton Hotels, Amtrak, and Marriott Hotels. *Id*. at 3-6. RAKTL's sole statement in support of venue claimed that "[v]enue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b)." *Id*. ¶ 21. In the pleadings at that time— filed before the Honorable David Folsom in 2006 and early 2007—FedEx denied that venue was proper. *See, e.g*., D.I. 101, ¶ 21. FedEx's First Amended Answer of April 9, 2007, *id*., was the final docket entry by any party before this Court.

By October 24, 2006, just eight weeks after RAKTL brought suit against FedEx in Texas, Target Corporation served notice in this case of its motion to the Panel under 28 U.S.C. § 1407 for transfer of dozens of related RAKTL suits from around the country into a MDL. *See* D.I. 57. On March 27, 2007, the Panel ordered the transfer of twenty-five related RAKTL patent-infringement actions to the Central District of California, including this case. *In re Katz Interactive Call Processing Patent Litig.*, 481 F. Supp. 2d 1353, 1355 (J.P.M.L. Mar. 27, 2007). Pursuant to both the centralized proceedings of the Central District of California and parallel

proceedings before the U.S. Patent and Trademark Office, all but one claim able to be asserted against FedEx was eliminated from the proceedings.[2]

During discovery in the centralized proceedings, the depositions of FedEx fact witnesses always occurred, for the sake of convenience, in Memphis. Decl. ¶ 6. This is not surprising. FedEx technology involved in the accused system is located in Memphis. *Id.* ¶ 7. Substantially all of FedEx's documents relating to technical, operational, and financial aspects of the case are located or otherwise available in FedEx's Memphis headquarters. *Id.* Current and former FedEx employees who have significant knowledge regarding the technical and operational aspects of the case work or worked in FedEx's Memphis headquarters, including deposed employees R. Spencer, S. Nichols and J. Childers, and C. Davis. *Id.* ¶ 8. None are in the Eastern District of Texas. *Id.* Discovery regarding Plaintiff was conducted mostly in California, including regarding inventor Ronald A. Katz. No discovery occurred or was sought in this District.

On October 1, 2014, the transferee MDL court issued a Suggestion of Remand to the Transferor Court. D.I. 190 in No. 07-ml-1816. The MDL court stated that "[a]ll defendants in this action except Federal Express Corp., FedEx Corporate Services, Inc., FedEx Corp., and FedEx Customer Information Services, Inc. . . . were dismissed from the case pursuant to stipulated dismissals between the parties." *Id.* at 2. The Panel formally remanded the case to this Court on November 6, 2014. D.I. 204 in No. 07-ml-1816.[3]

---

[2] Claim 19 of U.S. Patent No. 5,815,551 has now been cancelled by a final decision of the U.S. Patent and Trademark Office.

[3] The Panel has advised trial judges to make such a suggestion for remand when the judge "perceives his or her role in the case has ended." *In re Integrated Res., Inc., Real Estate Ltd. P'ship Sec. Litig.*, 851 F. Supp. 556, 562 (S.D.N.Y. 1994). This circumstance arises when a case will no longer "'benefit from further coordinated proceedings as part of the MDL.'" *In re Commercial Money Center, Inc., Equip. Lease Litig.*, No. 1:02-cv-16000, 2008 WL 3200279, at *2 (N.D. Ohio Aug. 5, 2008).

Judge Folsom, previously assigned this case before the MDL proceedings began, retired on March 17, 2012. Since remand, there has been no scheduling conference in this Court and no pretrial or trial dates have been set. This is effectively the first opportunity to properly present the motion *sub judice*. In *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, the Supreme Court held that a federal district court to which a case has been transferred under 28 USCS § 1407(a) for pretrial proceedings may not properly invoke 28 U.S.C. §1404(a) to assign a transferred case to itself for trial. 523 U.S. 26 (1998). The Supreme Court relied on legislative history starting that: "The proposed [MDL] statute affects only the pretrial stages in multidistrict litigation. It would not affect the place of trial in any case or exclude the possibility of transfer under other Federal statutes." *Id.* at 39 (citation omitted); *see also id.* ("on any view of § 1407(a), if an order may be made under § 1404(a), it may be made after remand of the case to the originating district court") (footnote omitted). Other courts have accordingly cited *Lexecon* for the following best practice on timing: "Where there is an MDL proceeding, § 1404(a) motions are *most appropriately raised once the MDL Panel has remanded an action to the originating court* as has been done here." *Met. Life Ins. Co. v. Bank One, N.A.*, No. 03-1882, -2784, 2012 U.S. Dist. LEXIS 137119, at *10 (D.N.J. Sept. 25, 2012) (transferring case to New York under § 1404 after MDL in Ohio was remanded) (emphasis added). After informing RAKTL on December 15 of the intent to seek transfer to Tennessee, the parties met-and-conferred by telephone on December 17, 2014. RAKTL has stated that it will oppose the motion.

## III.    LEGAL STANDARD

Section 1404(a) of 28 U.S.C. provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). This

transfer provision is to "prevent plaintiffs from . . . subjecting defendants to venues that are inconvenient." *In re Volkswagen of Am., Inc.* (*Volkswagen II*), 545 F.3d 304, 313 (5th Cir. 2008) (en banc). The Supreme Court has stressed: "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The threshold question in a § 1404(a) analysis is whether the suit could have originally been brought in the proposed transferee district. *In re Volkswagen AG* (*Volkswagen I*), 371 F.3d 201, 203 (5th Cir. 2004). If so, the Court must weigh the relative public and private factors to make a convenience determination. *Id*. The private-interest factors include "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008); *Volkswagen II*, 545 F.3d at 315. The public-interest factors include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re Nintendo*, 589 F.3d at 1198; *In re Genentech*, 566 F.3d at 1342; *In re TS Tech*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315. The private and public factors "are not necessarily exhaustive or exclusive," and no single factor is dispositive. *Volkswagen II*, 545 F.3d at 314-15.

The plaintiff's choice of venue is not a factor in this analysis. *Volkswagen II*, 545 F.3d at 314-15; *see also In re TS Tech*, 551 F.3d at 1320. Section 1404(a) must also "be construed to prevent parties who are opposed to a change of venue from defeating a transfer which, but for their own deliberate acts or omissions, would be proper, convenient and just." *Van Dusen*, 376 U.S. at 624. The Federal Circuit has repeatedly checked attempts by plaintiffs to establish contacts for the sole purpose of manufacturing venue for patent infringement litigation. *See In re Microsoft Corp.*, 630 F.3d 1361, 1364-65 (Fed. Cir. 2011) (per curiam); *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381-82 (Fed. Cir. 2010).

## IV.  ARGUMENT

### A.  This Action Could Have Been Filed in the Western District of Tennessee

The threshold requirement for transfer is satisfied here. FedEx's headquarters have long been located in Memphis, which is within the Western District of Tennessee. Decl. ¶¶ 2-4. Under 28 U.S.C. § 1400(b), a plaintiff may file a patent-infringement action in any district "where the defendant resides." Thus, this action could have been brought in the Western District of Tennessee initially. *See* 28 U.S.C. §§ 1391, 1400(b); *Volkswagen I*, 371 F.3d at 203.

### B.  Private-Interest Factors

The private-interest factors identified in *Volkswagen II* favor the transfer of this action. The Western District of Tennessee has the greater access to sources of proof, enjoys compulsory process over the most relevant witnesses, and is most convenient for these witnesses. This outweighs any benefits that might be obtained from maintaining the case in this Court, particularly now that no other defendants remain in the suit.

#### 1.  Relative Ease of Access to Sources of Proof

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in

favor of transfer to that location." *In re Genentech*, 566 F.3d at 1345 (quoting *Neil Bros. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006)). Despite technological advances in transportation of electronic documents, physical accessibility to sources of proof continues to be weighed as a private-interest factor. *See Volkswagen II*, 545 F.3d at 316; *In re TS Tech*, 551 F.3d at 1321; *In re Genentech*, 566 F.3d at 1345. While discovery is nearly complete in this case,[4] to the extent RAKTL's claim implicates FedEx technology, the system components, and related FedEx information, it still is found in Memphis. If the need ever arose, in pretrial, trial or beyond, the sources of information are most conveniently accessible in the Western District of Tennessee. Substantially all of FedEx's relevant documents—technical, operational, and financial—are located in or otherwise available in Memphis headquarters. Decl. ¶ 7. As Plaintiff is not located in this District either, it does not provide easy access to any sources of proof if needed. Consequently, this factor favors transfer.

## 2. Availability of Compulsory Process

A venue that has "*absolute* subpoena power for both deposition and trial" is favored over one that does not. *Volkswagen II*, 545 F.3d at 316; *Network Prot. Scis., LLC v. Juniper Networks, Inc.*, No. 2:10-CV-224, 2012 WL 194382, at *5 (E.D. Tex. Jan. 23, 2012) (citing *Volkswagen II*, 545 F.3d at 316). Rule 45(c)(1)(B)(ii) authorizes a trial subpoena to any person residing, working, or regularly transacting business in the state so long as it does not entail "substantial expense." A greater number of relevant witnesses will be subject to compulsory process in the Western District of Tennessee, if needed. Though either district can compel depositions, only the Western District of Tennessee can compel these witnesses to testify live at trial. This subpoena

---

[4] In the many years since it filed this case, RAKTL executed many licenses and settlement agreements, and production of those agreements is among the discovery that needs to be completed.

power of the Western District of Tennessee would cover most of the relevant employees knowledgeable about the FedEx technology involved in the case if they ever become non-parties before trial. Decl. ¶¶ 8-9. FedEx is not aware of any nonparty or party witness under the direct trial subpoena power of this Court. While of slight importance at present, this favors transfer.

### 3. Cost of Attendance for Willing Witnesses

A transfer to the Western District of Tennessee would substantially reduce the cost and burden of attendance at trial for both party and nonparty witnesses. *Promote Innovation LLC v. Schering Corp.*, No. 2:10-cv-248, 2011 WL 665817, at *3 (E.D. Tex. Feb. 14, 2011). The convenience of attendance for witnesses with knowledge relevant to issues that might come up at trial "is probably the single most important factor in [a] transfer analysis." *In re Genentech*, 566 F.3d at 1343 (quoting *Neil Bros.*, 425 F. Supp. 2d at 329). Although the Court must consider the convenience of both the party and non-party witnesses, the convenience of non-party witnesses is accorded greater weight in a transfer analysis. *Aquatic Amusement Assoc., Ltd. v. Walt Disney World Co.*, 734 F. Supp. 54, 57 (N.D.N.Y. 1990); *see also* 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3851 (3d ed. 2012). "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204-05. The existence of more flight options can impact the convenience of a particular forum because of travel time. *See id.* at 204 n.3. Thus, regardless of the "straight line" distances calculated for the "100 mile" rule, if "travel time" distances favor the transferee venue, this factor will favor transfer. *Id.* at 204-05. This factor favors transfer when a "substantial number of material witnesses reside within the transferee venue" and no witnesses reside in the transferor venue. *In re Genentech*, 566 F.3d at 1344-45.

As the Western District of Tennessee and this District are more than 100 miles apart, Decl. ¶¶ 3, 11, the Court must assess the convenience of witnesses having to travel to the two venues. Throughout fact discovery, all FedEx fact-witness depositions were held in Memphis because of the clearly more convenient proximity for those involved. *See* Decl. ¶ 6. FedEx identifies at least current employees S. Nichols and J. Childers who are relevant and likely to be called at trial. *See* Decl. ¶ 8. Both work within the Western District of Tennessee, in Memphis. *Id.* ¶¶ 8-10. Further, highly relevant non-party witness R. Spencer, who now lives in Florida, can more quickly and conveniently attend trial in Memphis as opposed to Marshall, either by driving or flying. *See id.* at ¶¶ 9, 10, 13. It does not appear that there are any relevant trial witnesses residing within 100 miles of this District.

If this Court transfers this case to the Western District of Tennessee, these FedEx employee witnesses, and other interested corporate officers, could easily drive the approximately twenty miles from FedEx's headquarters to the Memphis federal courthouse in under a half an hour. *See id.* ¶ 10. By contrast, continuing this case in this Court would require these witnesses to make a roundtrip trek spanning over 700 miles in order to testify and attend trial. *See id.* ¶ 11 (citing to web mapping service calculating a distance of over 350 miles from FedEx headquarters to the United States district courthouse in Marshall, Texas). Under the Fifth Circuit's 100-mile rule—which provides that when the distance between possible venues is greater than 100 miles, "the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled," *Volkswagen II*, 545 F.3d at 317—this difference favors transfer.

Further, relevant RAKTL witnesses that may be identified, if any, likely work or reside in California. Sole inventor Ronald A. Katz, for example, was deposed there. There is no RAKTL presence in Texas that can be given "weight in the transfer analysis." *In re Zimmer Holdings*,

609 F.3d at 1381; *see id.* (noting that the plaintiff's "only two corporate officers" were "both residents of [another state]," that one was "the sole inventor of the asserted patents," that all of the plaintiff's "research and development[] and patent prosecution work took place in [another state]," and that "there is no indication that [the plaintiff] has any employees in Texas"). As RAKTL witnesses were willing to travel anyway based on Plaintiff's forum selection, it should be noted that the distance between Los Angeles, California, and Marshall, Texas (about 1,600 miles), is roughly the same as the distance between Los Angeles, California, and Memphis, Tennessee (about 1,800 miles). Decl. ¶ 12. Their need to travel thus does not counsel against transfer. *Cf. In re Genentech*, 566 F.3d at 1345 (because plaintiff's witnesses "will be traveling a great distance no matter which venue the case is tried in . . . , the parties' convenience factor favored transfer"). In fact, while only slightly further "as the crow flies," other factors relating to air-travel itineraries suggest that Memphis is a more convenient destination from Los Angeles anyway. Decl. ¶ 13. Ultimately, this District does not appear to be convenient for any witness. The Western District of Tennessee is clearly more convenient, heavily favoring transfer.

### 4.    Other Practical Problems

In deciding whether to transfer a case pursuant to § 1404, "all other practical problems that make trial of a case easy, expeditious and inexpensive," *Volkswagen II*, 545 F.3d at 315, must be considered. Courts consider the practical considerations associated with such a transfer, including "those that are rationally based on judicial economy." *Eolas Techs., Inc. v. Adobe Sys., Inc.*, 2010 WL 3835762, at *6 (E.D. Tex. Sept. 28, 2010) (denying a request to sever defendants), *aff'd*, *In re Google Inc.*, 412 F. App'x 295 (Fed. Cir. 2011). However, considerations of judicial economy must not "dominate the transfer inquiry." *In re EMC Corp.* (*EMC II*), 501 F. App'x 973, 976 (Fed. Cir. 2013). "The Court of Appeals for the Federal Circuit has 'considered and rejected arguments that the preservation of judicial economy should

preclude transfer to a far more convenient venue.'" *Droplets, Inc. v. E\*TRADE Fin. Corp.*, No. 2:11-CV-255, 2012 WL 3133398, at *7 (E.D. Tex. Mar. 5, 2012) (quoting *In re Morgan Stanley*, 417 F. App'x 947, 949 (Fed. Cir. 2011)). In *Droplets*, for example, the location of sources of proof, availability of compulsory process, and witnesses' convenience favored transfer (though the plaintiff was headquartered in this District). *Id.* at *2-5. Judicial economy weighed against transfer because the court previously handled a case involving the same patents through a claim-construction hearing, and was currently handling two copending cases involving the same patents. *Id.* at *5-6. The court nevertheless granted a motion to transfer because the other factors outweighed judicial economy. *Id.* at *7-8.

There are no practical problems that weigh against transfer. In the present action, in contrast to *Droplets*, this Court, with respect to the relevant patent claims, has not handled any substantial issues nor is it handling copending cases or codefendants. With virtually no judicial economy mentioned in *Droplets*, it is clear that the other private-interest factors favor transfer and outweigh any potential judicial economy. Because this case comes back to this Court after seven years of centralized pretrial proceedings by an MDL court that handled substantive issues, this Court has no more familiarity with the substance of the case on remand than the Western District of Tennessee. At least the following points show that there would not be less judicial economy in transferring the case:

- The Honorable David Folsom, the judge of this Court initially assigned the case, has retired from the bench as of 2012. No discovery was conducted before this Court in 2006 and 2007. *See* D.I. 1-101. None of the related cases have been remanded back to the Eastern District of Texas, to FedEx's knowledge. Any judge receiving this case in the Western District of Tennessee, therefore, will be at the

same point. *Cf. In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) (holding that this factor weighs against transfer when the court is already familiar with the factual issues).

- Since all former codefendants have been eliminated from this case, there are no parties for this Court to aggregate for any proceedings. Even if all codefendants had not been eliminated, a plaintiff is not allowed to create considerations of judicial economy through strategic litigation maneuvering as plaintiff attempted to do originally in this case. In passing the America Invents Act, Congress sought to prevent patent holders from suing, in a single action, defendants having little connection to a forum, with respect to the alleged patent infringement, and with only one or few defendants properly venued there. *See* 35 U.S.C. § 299(a)(1). The Federal Circuit has explicitly rejected the notion "that the judicial economy of having the same judge handle multiple suits involving the same patents should dominate the transfer inquiry." *EMC II*, 501 F. App'x at 976. As venue is not proper for the relevant patent claim and significantly no other codefendants or multiple-party issues exist, there is no judicial economy of any merit to weigh against transfer.

### C.    Public-Interest Factors

#### 1.    Administrative Difficulties Flowing from Court Congestion

Another public-interest factor is court congestion, which favors a district that can bring a case to trial faster. *In re Genentech*, 566 F.3d at 1347. In terms of sheer numbers, five district court judges currently sit in the Memphis Division of the Western District of Tennessee, http://www.tnwd.uscourts.gov/judges-websites.php, whereas in the Marshall Division of the Eastern District of Texas, there is only one Article III judge at present. The Western District of

Tennessee, based on The Federal Court Management Statistics for June 30, 2013 to June 30, 2014,[5] brought civil cases from filing to trial in 18.6 months on average; the Eastern District of Texas, in the same period, brought civil cases from filing to trial in 27.9 months. Under the circumstances here, however, following remand from the MDL, the time frame for handling subsequent proceedings is unclear in either court.

In any event, "when, as here, several relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all of those other factors." *In re Genentech*, 566 F.3d at 1347. This is especially true because, "as this Court has repeatedly found in the past, the parties' reliance on general civil statistics provides the court with little guidance as to the speed with which *patent* cases reach trial." *Innovative Global Sys. v. OnStar LLC*, No. 6:10-cv-574, 2012 U.S. Dist. LEXIS 114504, at *25 (E.D. Tex. Feb. 14, 2012).

### 2. Local Interest in Having Localized Interests Decided at Home

This factor weighs heavily in favor of transfer. Interests that "could apply virtually to any judicial district or division in the United States"—such as the nationwide use of a FedEx system— are disregarded in favor of particularized local interests. *Volkswagen II*, 545 F.3d at 318; *In re TS Tech*, 551 F.3d at 1321. Local interest arises when a district is home to a party in the litigation. *In re Hoffmann-LaRoche*, 587 F.3d at 1336. This infringement suit "calls into question the work and reputation" of a number of individuals who reside in the Western District of Tennessee and "presumably conduct business in that community." *Id.* FedEx, as is well-known, is headquartered in Memphis, where the FedEx family of companies has employed thousands over the last forty years. *See* Decl. ¶¶ 2-4. That court accordingly has significant

---

[5] *See* http://www.uscourts.gov/viewer.aspx?doc=/uscourts/Statistics/FederalCourtManagement Statistics/2014/district-fcms-profiles-june-2014.pdf&page=46 (last visited Nov. 21, 2014).

interest in the outcome of this case. *Refined Recommendation Corp. v. Netflix, Inc.*, No. 07-CV-04981, 2008 WL 474106, at *4 (D.N.J. Feb. 15, 2008) ("[A]s a general rule, the preferred forum is that which is the center of gravity of the accused activity." (citation omitted)).

Neither party is found in the Eastern District of Texas. This Court considers the local interest in the litigation because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206 (alteration in original) (citation omitted). The fact that FedEx's allegedly infringing services are accessible within Texas does not carry any weight, as "[t]he Fifth Circuit has unequivocally rejected the argument that citizens of the venue chosen by the plaintiff have a 'substantial interest' in adjudicating a case locally because some allegedly infringing products found their way into the Texas market." *In re Nintendo*, 589 F.3d at 1198 (citing *Volkswagen II*, 545 F.3d at 317-18). The Western District of Tennessee's more significant interest in this litigation is beyond dispute.

### 3. Familiarity of the Forum with the Law and Avoidance of Unnecessary Problems of Conflict of Laws

Courts consider "the familiarity of the forum with the law that will govern the case" and "unnecessary problems of conflict of laws." *Volkswagen I*, 371 F.3d at 203. Both the Western District of Tennessee and the Eastern District of Texas are fully capacitated to try a patent case. Further, there are no conflict-of-law issues. The final two public considerations are neutral.

## V. CONCLUSION

The Western District of Tennessee is clearly a more convenient forum than this Court for this case on remand, and the interests of justice favor a change in venue. For all of the reasons above, FedEx respectfully requests that the Court grant its motion and transfer this action to the Western District of Tennessee, Memphis Division, pursuant to 28 U.S.C. § 1404(a).

Dated: December 18, 2014

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP

By   /s/ Jeffrey Berkowitz
     Jeffrey Berkowitz

JEFFREY A. BERKOWITZ
E-mail: jeffrey.berkowitz@finnegan.com
JAMES J. BOYLE
E-mail: james.boyle@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
11955 Freedom Drive
Reston, VA 20190-5675
Telephone: (571) 203-2700
Facsimile: (202) 408-4400

Attorneys for Defendants
FEDEX CORPORATION,
FEDERAL EXPRESS
CORPORATION, FEDEX
CORPORATE SERVICES,
INC., and FEDEX CUSTOMER
INFORMATION SERVICES,
INC.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 18th day of December 2014, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).


/s/ Jeffrey Berkowitz
Jeffrey Berkowitz


## CERTIFICATE OF CONFERENCE

FedEx certifies that (1) the parties have met and conferred pursuant to the requirements of Local Rule CV-7(h), and (2) this motion is opposed. FedEx specifically informed RAKTL of its intention to seek a transfer to the Western District of Tennessee on Monday, December 15, 2014. Several days later, on Wednesday, December 17, 2014, the parties held a personal meet-and-confer by telephonic conference call. Jeffrey Berkowitz, James Boyle and John McCorquindale participated on behalf of FedEx, and Jonathan Graves participated on behalf of RAKTL. Mr. Graves stated by e-mail on December 18, 2014, that RAKTL opposes the motion. As RAKTL stated that it will oppose the FedEx motion because it does not agree that transfer to the Western District of Tennessee is warranted, the parties are at an impasse.

/s/ Jeffrey Berkowitz
Jeffrey Berkowitz